NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAROL WILSON FINE ARTS, INC., | No. 15-35032 |
| Plaintiff-Appellee, | D.C. No. 3:14-cv-00587-AA |
| v. | |
| ZIFEN QIAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted December 14, 2016**

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Zifen Qian appeals pro se from the district court's judgment in favor of

Carol Wilson Fine Arts, Inc.'s in relation to its copyright action brought against

Qian. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Funky*

*Films, Inc. v. Time Warner Entm't Co.,* 462 F,3d 1072, 1076 (9th Cir. 2006). We

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment on Carol Wilson Fine Arts, Inc.'s declaratory judgment claim because Qian failed to raise a genuine dispute of material fact as to whether the paintings were created as works for hire for Carol Wilson Fine Arts, Inc. *See* 17 U.S.C. § 101(1) (a work made for hire is, among other things, "a work prepared by an employee within the scope of his or her employment'), § 201(b) (in the case of a work made for hire, the employer is considered the author of the copyright, unless the parties have expressly agreed otherwise in a written instrument signed by them); *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 738-39 (1989) (discussing the nature of the "work made for hire" doctrine).

**AFFIRMED.**

15-35032